# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

Michael Flanagan c/o Bennett Law Group

1349 W. Peachtree St., NW., Suite 1220

Atlanta, GA 30309

                            **PLAINTIFF**

CIVIL ACTION NUMBER: *13 C 06289-5*

VS.

QuikTrip c/o Corporation Process Co.

328 Alexander St., Suite 10

Atlanta, GA 30060

                            **DEFENDANT**

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** *QuikTrip Corporation, c/o Reg Agent, Corporation Process Co.*

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

BENNETT LAW GROUP
TWO MIDTOWN PLAZA, SUITE 1220
1349 WEST PEACHTREE STREET, NW
ATLANTA, GA 30309

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____18th_____ day of _____Oct_____, 20_13_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _____
                Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

---

**EXHIBIT**

*"A"*

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

MICHAEL FLANAGAN,      )
                     )
      Plaintiff,      )
                     )     CIVIL ACTION
v.                   )
                     )     FILE NO.: _____
QUIKTRIP CORPORATION,   )
                     )
      Defendant.    )     **JURY TRIAL DEMANDED**

### COMPLAINT

COMES NOW Michael Flanagan, Plaintiff, and makes and files this complaint against Defendant QuikTrip Corporation as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Michael Flanagan resides in Georgia, and is subject to the jurisdiction of this court.

2.

QuikTrip Corporation (hereinafter known as QT) is a is a foreign corporation existing under the laws of Oklahoma with its principal place of business in Oklahoma and may be served through its registered agent **Corporation Process Company** at **328 Alexander Street, Suite 10, Atlanta, Georgia 30060**, and is subject to the jurisdiction of this court.

3.

Pursuant to O.C.G.A. § 14-2-510(3), as Defendant is a corporation that maintains and office and transacts business in Gwinnett County, the locus of incident in question, jurisdiction and venue are proper in this court.

## BACKGROUND

### 4.

On July 28, 2012, Plaintiff was an invitee at QT's Store Number 755, located at 1055 Old Peachtree Road, NW, Lawrenceville, GA 30343.

### 5.

Plaintiff slipped and fell on a foreign substance on the ground at fuel pump number 8.

### 6.

There were no cones or other warnings in the area of the foreign substance at the time of the fall.

### 7.

Defendant had exclusive ownership, possession and control over QT's Store Number 755, located at 1055 Old Peachtree Road, NW, Lawrenceville, GA 30343 at all times relevant to this litigation.

### 8.

As a result of plaintiff's fall, he suffered severe injuries.

## COUNT 1

## PREMISES LIABILITY

### 9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

### 10.

Plaintiff was an invitee on the premises at the time of the fall.

- 2 -

11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the area, in failing to take adequate measures to protect invitees from substances on the ground and in failing to keep the premises safe for invitees.

13.

Defendant's negligence was the proximate cause of plaintiff's injuries.

## COUNT 2

## VICARIOUS LIABILITY

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where plaintiff fell were employed by defendant and were acting within the scope of their employment.

16.

Defendant is responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

- 3 -

## COUNT 3

## NEGLIGENT TRAINING & SUPERVISION

### 17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

### 18.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

### 19.

Defendant was negligent in training and supervising its staff.

### 20.

As a result of Defendant's negligence in training and supervising its employees, Plaintiff was injured on the premises.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

(a)      That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)      That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)      That Plaintiff recover such other and further relief as is just and proper;

- 4 -

(d)    That all issues be tried before a jury.

This _____ day of October, 2013.

                                            **BENNETT LAW GROUP**

                                            Michael T. Bennett, Jr.
                                            Georgia State Bar No.: 051290
                                            Attorneys for Plaintiff

Two Midtown Plaza, Suite 1220
1349 West Peachtree Street, NW
Atlanta, GA 30309
(404) 541-9330
(800) 673-8413 Fax

- 5 -

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MICHAEL FLANAGAN,                    )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION
v.                                   )
                                     )        FILE NO.: _____
QUIKTRIP CORPORATION,                )
                                     )
        Defendant.                   )

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO:    Defendant.

        Plaintiff, pursuant to O.C.G.A. §§ 9-11-33 and 9-11-34, submits herewith to the

defendant above named for response within 30 days after service hereof, in the form provided by

law, the following interrogatories and request for production of documents.

        The within interrogatories and request for production of documents are continuing and

require supplemental response upon the discovery of other or further information or documents

pertinent thereto.

        In answering the following interrogatories, the defendant is required to give full and

complete information based upon the knowledge, information and belief of all agents,

employees, investigators, adjusters, attorneys and insurers of said defendant.

1.

        State the name and address of any person, including any party, who, to your knowledge,

information or belief:

        (a)    Was an eyewitness to the incident complained of in this action;

        (b)    Has some knowledge of any fact or circumstance upon which your defense is based;

(c)     Has conducted any investigation relating to the incident complained of or the

background, employment, medical history or activities of the plaintiff.

2.

To your knowledge, information or belief, has any person identified in answering the

preceding interrogatory given any statement or report in connection with this action?  If so, describe

such statement or report and give the name and address of the person having custody and control

thereof.

3.

Thirty days after service hereof, you are requested to produce for inspection and copying by

the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West

Peachtree Street, N.W., Atlanta, GA 30309, all such statements or reports.  In lieu thereof, you may

attach copies to your answers to these interrogatories.

4.

Please identify any entity or person with any financial interest, lease or ownership interest in

the premises where the incident occurred on the date of the incident.

5.

To your knowledge, information or belief, are there any videotapes, photographs, plats or

drawings of the scene of the incident referred to in the complaint?  If so, please describe such

videotapes, photographs, plats or drawings and give the name and address of the person having

custody and control thereof.

6.

Thirty days after service hereof, you are requested to produce for inspection and copying by

the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West

Peachtree Street, N.W., Atlanta, GA 30309, all such videotapes, photographs, plats or drawings.  In lieu thereof, you may attach copies to your answers to these interrogatories.

7.

Have there been any incidents involving falls at the store or approaches to the store for the five-year period preceding this incident and the one-year period subsequent to this incident?  If so, please state:

(a)     Date of incident;

(b)     Name, address and telephone number of injured person;

(c)     Description of incident.

8.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any incident report, memoranda, handwritten note or other documents or materials concerning, referencing or describing any incident referenced in the response to the preceding paragraph.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

9.

Please state the identity of each person working on the premises with any duties for the area where this incident occurred on the date of this incident.

10.

Has any entity issued a policy of liability insurance to the defendant?  If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

11.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

12.

Do you contend that the plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

13.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

14.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any videotape, photograph, report, data, memoranda, handwritten notes or other document reviewed by or generated by an individual identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

15.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any documents obtained through a request for

-4-

production of documents or subpoena.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 16.

Please state in detail any policies and procedures concerning the inspection, cleaning or maintenance of the area where this incident occurred.

### 17.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any and all guidelines, manuals, memoranda or other documents evidencing any policy or procedure identified in response to the preceding interrogatory. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 18.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any and all policy and procedure manuals given to the defendant's employees.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

### 19.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a)     The date each document was generated;

(b)     The person generating each document;

(c)     The present custodian of each document;

(d)     A description of each document.

20.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any videotapes, photographs, correspondence, memoranda, records, files, or other documents or tangible evidence concerning, referencing or depicting the plaintiff or the incident in question.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

21.

Please identify each and every person working for the defendant on the premises where this incident occurred on the day of the incident described in the complaint, including the person's name, current address, current employer and telephone number.

22.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, the payroll records for the defendant's employees on the premises for the day of the incident and the one-week period prior to and subsequent to the incident.

23.

Have their ever been any complaints made about the area where this incident occurred? If so, please state:

(a)     The date(s) of each complaint;

(b)     The person(s) making each complaint;

(c)    The nature of each complaint;

(d)    Any action taken as a result of each complaint.

24.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any correspondence, memoranda, report, record or other documents concerning, referencing or depicting any complaints identified in response to the preceding interrogatory.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

25.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of /Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any incident report or other report concerning the incident described in the complaint. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

26.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any maps, schematics, diagrams, drawings or other similar documents showing the layout of the area where this incident occurred.  In lieu thereof, you may attach copies to your answers to these interrogatories.

27.

Were there any contracts or agreements with other individuals or entities regarding the maintenance, inspection or security of the property where the plaintiff fell as described in the complaint? If so, state:

(a)     The identity of the contracting parties;

(b)     The address and telephone number of the contracting parties;

(c)     The duties of the contracting parties.

28.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any and all leases or contracts with outside contractors or agencies for performance of maintenance services in the area where the plaintiff fell. In lieu thereof, you may attach copies to your answers to these interrogatories.

29.

Please identify each and every witness or employee in the vicinity of the area where the plaintiff fell at the time of the incident. In regard to each employee, please state:

(a)     The name of each person;

(b)     The address of each person;

(c)     The telephone number of each person;

(d)     The shift worked by each person if an employee;

(e)     The job duties and responsibilities of each person if an employee.

30.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any e-mail, interoffice correspondence, memoranda, report, telephone log, message or other documents concerning the plaintiff.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

31.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any invoices, records, proposals, work orders, maintenance records or other documents for work performed in the area where this incident occurred in the last five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

32.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any changes made to policies, procedures, protocols, rules, regulations and guidelines since this incident.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

33.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West

Peachtree Street, N.W., Atlanta, GA 30309, any surveillance videos taken on the day of the incident. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

34.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any maintenance records, work orders or other documents concerning the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

35.

Please describe any inspection procedures utilized in regard to the area where this incident occurred.

36.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West Peachtree Street, N.W., Atlanta, GA 30309, any daily, weekly, monthly or annual inspection reports or audits or any other inspection reports for the area where this incident occurred for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

37.

Have there been any audits, inspections or evaluations of the area where the plaintiff fell for the past five years?

38.

Thirty days after service hereof, you are requested to produce for inspection and copying by the plaintiff at the offices of Bennett Law Group, Two Midtown Plaza, Suite 1220, 1349 West

Peachtree Street, N.W., Atlanta, GA 30309, any invoices, receipts, change orders, work orders, spreadsheets, computer documents or other records concerning any audits, evaluations, maintenance, cleaning or inspections of the area where the plaintiff fell for the past five years.  In lieu of this, you may attach copies thereof to your answers to these interrogatories.

This _____ day of October, 2013

**BENNETT LAW GROUP**

Michael T. Bennett, Jr.
Georgia State Bar No.: 051290
Attorneys for Plaintiff

Two Midtown Plaza, Suite 1220
1349 West Peachtree Street, NW
Atlanta, GA 30309
(404) 541-9330
(800) 673-8413 Fax

11

 CT Corporation

**Service of Process Transmittal**
10/23/2013
CT Log Number 523749443

TO: Marshall Wells
QuikTrip Corporation
4705 South 129th East Ave.
Tulsa, OK 74134-

RE: **Process Served in Georgia**

FOR: QuikTrip Corporation (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Michael Flanagan, Pltf. vs. Quiktrip Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Plaintiff's First Set of Interrogatories and Request |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 30062885 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - Failure to Maintain Premises in a Safe Condition - On or about July 28, 2012 Plaintiff fell on the defendant's premises located at QT's Store Number 755, at 1055 Old Peachtree Road, NW, Lawrenceville, GA 30343 due to defendant's failure to put cones and other warnings in the area of the foreign substance on the ground |
| **ON WHOM PROCESS WAS SERVED:** | Corporation Process Company, Duluth, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/23/2013 at 12:24 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Earliest Answer Date - Within 30 days after service, exclusive of date of service (See documents for additional deadlines) |
| **ATTORNEY(S) / SENDER(S):** | Michael T. Bennett, Jr.<br>Bennett Law Group<br>Two Midtown Plaza<br>Suite 1220<br>1349 West Peachtree Street, NW<br>Atlanta, GA 30309<br>404-541-9330 |
| **REMARKS:** | Case no. is illegible. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/24/2013, Expected Purge Date: 10/29/2013<br>Image SOP<br>Email Notification, Marshall Wells mwells@quiktrip.com<br>Email Notification, Jeri Jones jjones@quiktrip.com<br>Email Notification, Chris Western cwestern@quiktrip.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | Corporation Process Company<br>Amy McLaren<br>2180 Satellite Blvd<br>Duluth, GA 30097<br>800-592-9023 |

Page 1 of  1 / BJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2013 NOV 19  AM 11: 42

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

MICHAEL FLANAGAN,      §
     §
    **Plaintiff,**      §
     §    **CIVIL ACTION**
**vs.**      §
     §    **FILE NO. 13 C 06288-5**
**QUIKTRIP CORPORATION,**      §
     §
    **Defendant.**      §

### DEFENDANT QUIKTRIP CORPORATION'S ANSWER
### AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, QUIKTRIP CORPORATION, Defendant in the above-styled Civil

Action, and files this its Answer and Defenses to Plaintiff's Complaint, showing the Court as

follows:

### FIRST DEFENSE

Defendant shows that Plaintiff's alleged injuries, if any, were the result of Plaintiff's

failure to exercise ordinary care.

### SECOND DEFENSE

Any injury to Plaintiff resulted from his own acts.

### THIRD DEFENSE

Defendant shows that Plaintiff's alleged damages, if any, were directly and proximately

caused by Plaintiff's own contributory and comparative negligence.

### FOURTH DEFENSE

As discovery has not yet begun, Defendant specifically reserves the right to raise any

additional claims or affirmative defenses which may be discovered.  Defendant hereby

incorporates by reference all affirmative defenses set forth in O.C.G.A. § 9-11-8(c) to the extent

{Firm/278/00015/00781775.DOC}

applicable. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## FIFTH DEFENSE

As a next Defense, Defendant answers the numbered paragraphs of Plaintiff's Complaint as follows:

1.

Defendant can neither admit nor deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

2.

Defendant admits that it is a foreign corporation existing under the laws of Oklahoma with its principal place of business in Oklahoma. Defendant denies as pled the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendant can neither admit nor deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

5.

Defendant can neither admit nor deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the

- 2 -

truth thereof, and puts Plaintiff upon strict proof of the same.

6.

Defendant can neither admit nor deny the allegations contained in Paragraph 6 of

Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the

truth thereof, and puts Plaintiff upon strict proof of the same.

7.

Defendant can neither admit nor deny the allegations contained in Paragraph 7 of

Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the

truth thereof, and puts Plaintiff upon strict proof of the same.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## COUNT 1

## PREMISES LIABILITY

9.

In response to Paragraph 9 of Count 1 of Plaintiff's Complaint, Defendant incorporates

by reference each response to Paragraphs 1 through 8 of Plaintiff's Complaint as if each answer

was fully set forth verbatim.

10.

Defendant can neither admit nor deny the allegations contained in Paragraph 10 of

Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the

truth thereof, and puts Plaintiff upon strict proof of the same.

11.

Defendant can neither admit nor deny the allegations contained in Paragraph 11 of

{Firm/278/00015/00781775.DOC}

Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 12.

Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

### 13.

Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## COUNT 2

## VICARIOUS LIABILITY

### 14.

In response to Paragraph 14 of Count 2 of Plaintiff's Complaint, Defendant incorporates by reference each response to Paragraphs 1 through 13 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

### 15.

Defendant can neither admit nor deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

### 16.

Defendant can neither admit nor deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, for want of knowledge or information sufficient to form a belief as to the truth thereof, and puts Plaintiff upon strict proof of the same.

## COUNT 3

{Firm/278/00015/00781775.DOC}

## NEGLIGENT TRAINING & SUPERVISION

### 17.

In response to Paragraph 17 of Count 3 of Plaintiff's Complaint, Defendant incorporates by reference each response to Paragraphs 1 through 16 of Plaintiff's Complaint as if each answer was fully set forth verbatim.

### 18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

### 19.

Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

### 20.

Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

### 21.

Defendant denies that Plaintiff is entitled to the relief requested in the "Wherefore" paragraph of Plaintiff's Complaint.

### 22.

Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously responded to.

WHEREFORE, having fully answered, Defendant QUIKTRIP CORPORATION prays that it be discharged without costs.

### A TRIAL BY TWELVE JURORS IS DEMANDED.

{Firm/278/00015/00781775.DOC}

This _____19th_____ day of November, 2013.

CRUSER & MITCHELL, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

- 6 -

{Firm/278/00015/00781775.DOC}

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **MICHAEL FLANAGAN,** § | |
| § | |
| Plaintiff, § | **CIVIL ACTION** |
| § | |
| **vs.** § | **FILE NO. 13 C 06288-5** |
| § | |
| **QUIKTRIP CORPORATION,** § | |
| § | |
| Defendant. § | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all other parties in this action with a copy of the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** by depositing same in the United States Mail with adequate postage thereon, addressed as follows:

MICHAEL T. BENNETT, JR., ESQ.
BENNETT LAW GROUP
1349 West Peachtree Street, NW
Two Midtown Plaza, Suite 1220
Atlanta, GA   30309

This ___19th___ day of November, 2013.

CRUSER & MITCHELL, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

-7-

{Firm/278/00015/00781775.DOC}



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

2013 NOV 19  AM 11: 42

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| **MICHAEL FLANAGAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **FILE NO. 13 C 06288-5** |
| **QUIKTRIP CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT QUIKTRIP CORPORATION'S DEMAND
## FOR TRIAL BY A JURY OF TWELVE JURORS

COMES NOW, QUIKTRIP CORPORATION, Defendant in the above-styled Civil

Action, and files this Demand for Trial by a Jury of 12 Jurors pursuant to O.C.G.A. § 15-12-

122(a)(2), which states as follows:

> In all civil actions in the state courts in which the claim for
> damages is greater than $25,000.00, either party may demand in
> writing prior to the commencement of the trial term that the case
> be tried by a jury of 12.  If such a demand is made, the judge shall
> follow the procedures for superior courts of sub-section (b) of this
> Code section.

See also O.C.G.A. § 15-12-123(a)(2) which reads as follows:

> In all civil actions in the state courts in which a jury of 12 is
> demanded, the judge shall follow the procedures for superior
> courts of sub-section (b) of this Code section.

WHEREFORE, demand is made for trial of this case by a jury of 12 as by law provided.

This _19th_ day of November, 2013.

CRUSER & MITCHELL, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

- 2 -

{Firm/278/00015/00781776.DOC}

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MICHAEL FLANAGAN,                          §
                                           §
        Plaintiff,                         §
                                           §     CIVIL ACTION
vs.                                        §
                                           §     FILE NO. 13 C 06288-5
QUIKTRIP CORPORATION,                      §
                                           §
        Defendant.                         §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all other parties in this action with a

copy of the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S DEMAND**

**FOR TRIAL BY A JURY OF TWELVE JURORS** by depositing same in the United States

Mail with adequate postage thereon, addressed as follows:

MICHAEL T. BENNETT, JR., ESQ.
BENNETT LAW GROUP
1349 West Peachtree Street, NW
Two Midtown Plaza, Suite 1220
Atlanta, GA   30309

This _____ 19ʰ_____ day of November, 2013.

CRUSER & MITCHELL, LLP

J. ROBB CRUSER
Georgia Bar No. 199480
KATHLEEN M. HURLEY
Georgia Bar No. 379659
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

- 3 -

{Firm/278/00015/00781776.DOC}

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2013 NOV 19   AM 11: 42

RICHARD ALEXANDER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MICHAEL FLANAGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION |
| vs. | § | |
| | § | FILE NO. 13 C 06288-5 |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT QUIKTRIP CORPORATION'S
### NOTICE OF FILING NOTICE OF REMOVAL

TO:   MICHAEL T. BENNETT, JR., ESQ.
    BENNETT LAW GROUP
    1349 West Peachtree Street, NW
    Two Midtown Plaza, Suite 1220
    Atlanta, GA   30309

Pursuant to 28 U.S.C. § 1446(d), you are hereby notified that Defendant QuikTrip

Corporation has filed a Notice of Removal of the above-styled action to the United States

District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached

hereto and by reference made a part hereof.

This _____ day of November, 2013.

CRUSER & MITCHELL, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
*Attorneys for Defendants*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

{Firm/278/00015/00781635.DOCX}

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MICHAEL FLANAGAN,                    §
                                     §
        Plaintiff,                   §
                                     §    CIVIL ACTION
vs.                                  §
                                     §    FILE NO. 13 C 06288-5
QUIKTRIP CORPORATION,                §
                                     §
        Defendant.                   §

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served all other parties in this action with a

copy of the within and foregoing **DEFENDANT QUIKTRIP CORPORATION'S NOTICE**

**OF FILING NOTICE OF REMOVAL** by depositing same in the United States Mail with

adequate postage thereon, addressed as follows:

MICHAEL T. BENNETT, JR., ESQ.
BENNETT LAW GROUP
1349 West Peachtree Street, NW
Two Midtown Plaza, Suite 1220
Atlanta, GA   30309

This _____ day of November, 2013.

CRUSER & MITCHELL, LLP

**J. ROBB CRUSER**
Georgia Bar No. 199480
**KATHLEEN M. HURLEY**
Georgia Bar No. 379659
*Attorneys for Defendant*

Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA   30092
(404) 881-2622
(404) 881-2630 (Fax)

- 2 -

{Firm/278/00015/00781635.DOCX}